UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

March 26, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:  *Travis W. v. Leland Dudek, Acting Commissioner, Social Security Administration*[1]
     Civil No. 24-0159-CDA

Dear Counsel:

On January 17, 2024, Plaintiff Travis W. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 7) and the parties' briefs (ECFs 8, 13, 14). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on September 12, 2019, alleging a disability onset of January 11, 2011. Tr. 18, 241-47. Plaintiff's claims were denied initially and on reconsideration. Tr. 120-23, 125-29. On May 10, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 39-57. Following the hearing, on July 6, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 15-38. The Appeals Council denied Plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against "Commissioner of Social Security" on January 17, 2024. ECF 1. ECF 1. Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Accordingly, Commissioner Dudek has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Travis W. v. Dudek*
Civil No. 24-0159-CDA
March 26, 2025
Page 2

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since September 12, 2019, the application date." Tr. 20. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "mild degenerative joint disease of bilateral knees, minimal spondylosis of the lumbar spine, obesity, bursitis of left hip, type 2 diabetes mellitus, mood disorder, bipolar disorder, posttraumatic stress disorder (PTSD), schizoaffective disorder, and pedophilic disorder." Tr. 20. The ALJ also determined that Plaintiff suffered from the non-severe impairment of "intellectual disorder, mild" and concluded that Plaintiff's "self-reported hand pain/cramping" and "alleged hearing impairment" were non-medically determinable impairments. Tr. 20-21. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 21. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except he can sit no more than 4 hours, walk no more than 4 hours, and stand no more than 4 hours of an 8-hour workday. He can occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; and occasionally balance, stoop, kneel, crouch or crawl. He can have occasional exposure to extreme temperatures and hazards. He can understand and remember simple instructions and carry out simple, routine tasks. He can have occasional interaction with the public and coworkers. He cannot perform production pace work, meaning no rapid assembly line work where coworkers are side by side and the work of one affects the work of others.

Tr. 24. The ALJ determined that Plaintiff had no past relevant work but could perform jobs that existed in significant numbers in the national economy. Tr. 31. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 32.

## III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence

supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.   ANALYSIS

Plaintiff raises three arguments on appeal: that the ALJ erred by (1) "failing to adopt in full the sitting, standing, and walking limitations" opined by consultative registered nurse practitioner ("CRNP") Akara, (2) "failing to properly evaluate the consistency of the medical opinions" of Dr. Gray and CRNP Akara, and (3) "finding that Plaintiff has a severe impairment of a pedophilic disorder, but including no corresponding RFC limitation(s) for such disorder or including any narrative discussion of this severe impairment in the RFC analysis." ECF 8, at 3-11; ECF 14, at 1-5. Defendant counters that substantial evidence supports the ALJ's evaluation of the opinion evidence and that there was no harmful error in the ALJ's step two finding. ECF 13, at 6-14.

Here, the ALJ failed to properly evaluate the consistency of Dr. Gray's medical opinion. An ALJ "must follow certain procedures when assessing the weight to which medical opinions are entitled." *Adrianna S. v. Comm'r of Soc. Sec.*, No. SAG-20-3136, 2022 WL 112034, at *1 (D. Md. Jan. 12, 2022) (citing 20 C.F.R. §§ 404.1520c, 416.920c). Specifically, the ALJ must "articulate . . . how persuasive [the ALJ] finds each medical opinion." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 416.920c(b)). "Supportability and consistency are the most important factors when considering the persuasiveness of medical opinions." *Id.* (citing 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2)). The ALJ must "explain how [they] considered [these] factors" when assessing a medical opinion. *Id.* "Supportability generally refers to 'the objective medical evidence and supporting explanations provided by a medical source.'" *Id.* (quoting 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)). In assessing consistency, the ALJ considers the degree of cohesion between the medical opinion and "the evidence from other medical sources and nonmedical sources in the claim." *Id.* (quoting 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2)).

The ALJ found Dr. Gray's opinion to be "mostly unpersuasive[.]" Tr. 30. Dr. Gray, opined, among other things, that Plaintiff "needs a job that allows him to change positions at will, and will need to take unscheduled breaks every 2 hours[,]" as well as that Plaintiff "will be absent from work once or twice a month." Tr. 30. Dr. Gray also concluded that Plaintiff "can use his hands and fingers only 25% of the time, but can use his arms 100% of the time." Tr. 30. As to supportability, the ALJ noted that "Dr. Gray's treatment notes from the same date [of Dr. Gray's

*Travis W. v. Dudek*
Civil No. 24-0159-CDA
March 26, 2025
Page 4

opinion] show that the [Plaintiff] was healthy-appearing, ambulated without assistance, doing fine on his diabetes medications, and had overall improved with regard to his weight." Tr. 30. The ALJ also determined that "Dr. Gray noted that he completed [Plaintiff's] disability forms regarding chronic back pain, knee pain and hand cramping, although [Plaintiff] was not receiving any treatment for those conditions, nor did Dr. Gray note any physical abnormalities regarding those conditions." Tr. 30. As such, the ALJ concluded that Dr. Gray's opinion "was not based on objective medical evidence." Tr. 30. As to consistency, the ALJ appears to have evaluated the consistency of Dr. Gray's opinion with Dr. Gray's own treatment notes and nothing else. For example, in deeming the opinion mostly unpersuasive, the ALJ found Dr. Gray's opinion "inconsistent with Dr. Gray's own notes from January 2023, wherein he noted that [Plaintiff] could 'walk a mile without too much trouble' and did not recommend any treatment for [Plaintiff's] hand pain." Tr. 30.

As an initial matter, the ALJ did not err by considering the lack of alignment between Dr. Gray's opinion and his treatment records. In addition to requiring an ALJ to consider supportability and consistency, SSA regulations direct an ALJ to consider factors that are not enumerated in the regulations if those factors "tend to support or contradict" a medical opinion. 20 C.F.R. §§ 404.1520c(c)(5), 416.920c(c)(5). Accordingly, the ALJ was entitled to find that Dr. Gray's opinion was "less persuasive" on the basis that it contradicted Dr. Gray's treatment notes. 20 C.F.R. §§ 404.1520c(c)(5), 416.920c(c)(5).

Nonetheless, this analysis was irrelevant to a proper evaluation of the consistency of Dr. Gray's opinion. SSA regulations provide that "[t]he more consistent a medical opinion[] is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive [it] will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2); *see also* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5854 (Jan. 18, 2017) (to be codified at 20 C.F.R. pts. 404, 416) (explaining that "[a] medical opinion . . . that is inconsistent with evidence *from other sources*[] will not be persuasive" under sections 404.1520c(c)(2) and 416.920c(c)(2)) (emphasis added). As a result, the ALJ must consider whether Dr. Gray's opinion was consistent with evidence from sources *other* than Dr. Gray. Because the ALJ determined only that Dr. Gray's opinion was "inconsistent with Dr. Gray's own notes from January 2023," Tr. 30, the ALJ failed to provide the consistency analysis described in 20 C.F.R. §§ 404.1520c(c)(2) and 416.920c(c)(2). Thus, the ALJ contravened SSA regulations in reaching their decision.

The ALJ's failure to determine whether Dr. Gray's opinion was consistent with evidence from other sources may have been consequential. Had the ALJ appropriately considered the consistency of Dr. Gray's opinion, they may have come to a different determination of the weight that opinion should be given. This revised weight could have, in turn, altered Plaintiff's RFC, and potentially impacted the determination of whether Plaintiff is disabled. For example, during the hearing, the vocational expert testified that a hypothetical employer "would only tolerate one absence or less per month and that would include coming in late or leaving early." Tr. 55. Dr. Gray, however, opined that Plaintiff would be absent from work once or twice a month due to his "impairments or treatments." Tr. 30, 711. The vocational expert's testimony considered in conjunction with Dr. Gray's opinion would preclude Plaintiff from all work at step five if this

*Travis W. v. Dudek*
Civil No. 24-0159-CDA
March 26, 2025
Page 5

aspect of Dr. Gray's opinion is deemed persuasive. Therefore, remand is necessary so that the ALJ can provide an analysis of Dr. Gray's opinion that fully comports with 20 C.F.R. § 404.1520c. The Court takes no position on what level of persuasiveness, if any, should attach to Dr. Gray's opinions.

Because the case is being remanded on other grounds, I need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.  CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge